Shane W. Clayton, Esq.
Nevada Bar No. 8783
**CLAYTON & COMPANY**
720 South 250 West
Midway, Utah 84049

9900 Covington Cross Drive
Suite 130
Las Vegas, Nevada 89144
Telephone: 702.722.0071
shane@claytonandco.com
*Attorney for*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| JANIS REDA, an individual, | CASE NO.: 2:2022cv00974 |
| Plaintiff, | |
| v. | **COMPLAINT** |
| UNUM LIFE INSURANCE COMPANY OF AMERICA, a foreign corporation; DOE INDIVIDUALS 1-10; ROE CORPORATIONS 1-10, | |
| Defendants. | |

Plaintiff, by and through her attorney, Shane W. Clayton, Esq. of Clayton & Company, complains against the Defendants and alleges as follows:

## **THE PARTIES**

1. Plaintiff is, at all relevant times herein, a resident of Clark County, Nevada.

2. Defendant is an insurance provider and plan administrator as defined by the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. § 1001 ("ERISA"). Defendant is and was, at all times relevant herein, doing business in Clark County, Nevada.

3. The true names and capacities, whether individual, corporate, associate, or otherwise of Defendants named herein as DOES I through X, inclusive, and ROE CORPORATIONS I through X, inclusive, are unknown to Plaintiff. Therefore, Plaintiff sues said Defendants by such fictitious names. Plaintiff will ask for leave to amend this Complaint to show the true names and capacities of each DOE and ROE Defendants at such time as the same has been ascertained.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1332(e)(1) which provides for federal jurisdiction of actions brought under Title I of ERISA.

5. Additionally, this Court has personal jurisdiction over the Defendant because it transacts business in the State of Nevada by issuing and administering policies and plans and adjusting claims which constitute significant contacts.

6. Venue is proper in the United States District Court for the District of Nevada, by virtue of 28 U.S.C. § 1391 as Defendant transacts business throughout the State of Nevada and the events as described hereinbelow occurred in this district.

## FACTUAL BACKGROUND

7. Lionel Sawyer & Collins ("LSC") was a law firm based in Nevada, and the debtor in an ongoing Chapter 7 bankruptcy proceeding.

8. Prior to its demise, LSC employed Plaintiff full-time as a Legal Assistant.

9. As part of her employment at LSC, Plaintiff enjoyed certain benefits, including various benefits which she received even after she no longer worked at LSC.

10. One of those benefits includes "Long Term Care" insurance, Plan Number 504693-0001 and Policy Number 522767 (collectively, "the Plan") which is the subject of the instant action.

## PLAINTIFF'S NEED FOR PLAN BENEFITS

11. Following a failed surgical procedure, Plaintiff submitted a claim[1] to Unum for benefits under the Plan.

12. Unum agreed to provide Plaintiff benefits under the Policy, specifically, to assist Plaintiff with "Activities of Daily Living" ("ADL's), as defined in the Plan.

13. For over two years Unum continued to provide Plaintiff with benefits under the Plan, including assistance with "Activities of Daily Living".

14. However, after performing a medical review, Unum withdrew its benefits effective December 23, 2021.

15. The basis for Unum's decision was its mistaken belief that Plaintiff no longer needed assistance with ADL's.

## PLAINTIFF'S APPEAL IS DENIED

16. In response to Unum's decision, Plaintiff consulted with her medical providers to refute Unum's contentions.

17. Unum's in-house physician consulted with those medical providers, and Plaintiff's medical records were provided to Unum.

---

[1] Unum Claim Numbers 16349642 and 16236294

18. Plaintiff's medical providers opined that Plaintiff still required assistance with her ADL's because her condition had not improved since Unum made its original decision to provide Plaintiff benefits.

19. In fact, Plaintiff's providers indicated that her condition would not ever improve, and accordingly, she would always need assistance with ADL's as defined and covered in the Plan.

20. Notwithstanding the new information, on April 22, 2022, Unum reaffirmed its previous decision and denied Plaintiff's appeal.

21. After receiving even more documentation substantiating Plaintiff's need and qualification for the Plan benefits, Unum again reaffirmed its decision and denied Plaintiff's appeal.

22. Plaintiff now brings this action to recover benefits due to her under the Plan, and as provided by ERISA § 502(a)(1)(B).

23. Having exhausted administrative remedies, the instant action is proper.

24. Additionally, Unum's failure to timely respond to and otherwise process Plaintiff's claims excuses any such obligation.

### FIRST CLAIM FOR RELIEF
#### (Denial of Benefits--§502(a)(1)(B)

25. Plaintiff realleges and incorporates by reference the allegations contained in the foregoing paragraphs as if fully set forth herein.

26. Defendant issued the Policy for the benefit of persons such as Plaintiff.

27. Plaintiff properly made a claim or claims, and she enjoyed benefits under the Policy for well over two years.

28. Defendant improperly withheld Plaintiff's benefits.

29. Even after receiving additional information from Plaintiff's medical providers who disagreed with Unum's decision, did it continue to wrongfully withhold Plan benefits from Plaintiff.

30. Plaintiff is entitled to her benefits under the Plan, and seeks recovery of the same via the instant action.

31. Plaintiff is also entitled to her attorney fees and costs for the necessity of pursuing the instant action, in an amount to be determined.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for the following relief:

1. For Plan benefits;

2. For an award of costs of suit(s);

3. For attorney fees and related legal costs;

4. For prejudgment interest; and

5. For such other relief as the Court deems just and proper.

DATED this 21st day of June, 2022.

**CLAYTON & COMPANY**

By: _____
Shane W. Clayton, Esq.
Nevada Bar No. 8783
*Attorney for Plaintiff*