Nicole G. True
Nevada Bar No. 12879
LEWIS ROCA ROTHGERBER CHRISTIE LLP
201 East Washington Street, Suite 1200
Phoenix, AZ  85004
Tel: 602.262.5311
NTrue@lewisroca.com

*Attorneys for Defendant*

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| JANIS REDA, an individual,<br><br>    Plaintiff,<br><br>v.<br><br>UNUM LIFE INSURANCE COMPANY OF AMERICA, a foreign corporation; DOE INDIVIDUALS 1-10; ROE CORPORATIONS 1-10,<br><br>    Defendants. | CASE NO. 2:22-cv-00974-CDS-VCF<br><br>**DEFENDANT UNUM LIFE INSURANCE COMPANY OF AMERICA'S ANSWER TO COMPLAINT** |

Defendant Unum Life Insurance Company of America answers Plaintiff's Complaint.

### **PARTIES**

1. Defendant admits the allegation in Paragraph 1 upon information and belief.

2. Defendant admits that it is an insurance company that is qualified to do business in Nevada.  It denies that it is the plan administrator; rather, it is the claim administrator.

3. Paragraph 3 addresses fictitious entities to which no response is required.

### **JURISDICTION AND VENUE**

4. Defendant admits this court has subject matter jurisdiction.

5. Defendant admits this Court has personal jurisdiction over it.

6. Defendant admits that venue is proper in this court.

### **FACTUAL BACKGROUND**

7. Defendant admits that Lionel Sawyer & Collins was a law firm in Nevada.  Upon

118141080.1

information and belief, the law firm filed for Chapter 7 bankruptcy liquidation in January 2015.

8. Defendant admits the allegation in Paragraph 8 upon information and belief.

9. Defendant admits that Plaintiff enrolled in the Lionel Sawyer & Collins plan, which was funded through a group insurance policy with Defendant Unum.

10. Defendant admits the allegations in Paragraph 10.

## PLAINTIFF'S ALLEGED NEED FOR PLAN BENEFITS

11. Defendant admits that Plaintiff submitted long-term care and long-term disability claims to Defendant Unum.

12. Defendant admits that it accepted the long-term care claim.

13. Defendant admits that it paid benefits for a period of time until there was no on-going support for loss of two or more activities of daily living.

14. Defendant admits that there was no on-going support for loss of two or more activities of daily living.

15. Defendant denies the allegation in Paragraph 15.

## PLAINTIFF'S APPEAL IS DENIED

16. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegation in Paragraph 16.

17. Defendant admits the allegation in Paragraph 17.

18. Paragraph 18 is vague and therefore Defendant denies the allegations in Paragraph 18.

19. Paragraph 19 is vague and therefore Defendant denies the allegations in Paragraph 19.

20. Defendant admits that it affirmed its decision on April 22, 2022. It denies the remaining allegations in Paragraph 20.

21. Defendant admits that it upheld in decision in a letter dated June 2, 2022. It denies the remaining allegations in Paragraph 21.

22. Defendant admits that Plaintiff seeks benefits under ERISA's remedial statute,

118141080.1

1  §502 (a)(1)(B).

2  23.  Defendant denies the allegations in Paragraph 23.

3  24.  Defendant denies the allegation in paragraph 24.

### FIRST CLAIM FOR RELIEF
### (Denial of Benefits--§502(a)(1)(B)

6  25.  Defendant incorporates its statements in Paragraphs 1-24 above.

7  26.  Defendant admits that it issued a group long-term care policy to Lionel Sawyer & Collins.

9  27.  Defendant admits that Plaintiff was a participant in that coverage.

10  28.  Defendant denies the allegation in Paragraph 28.

11  29.  Defendant denies the allegation in Paragraph 29.

12  30.  Defendant denies the allegation in Paragraph 30.

13  31.  Defendant denies the allegation in Paragraph 31.

### GENERAL DENIAL

15  32.  Defendant denies each and every allegation in Plaintiff's Complaint to which it did not specifically respond in this Answer.

### AFFIRMATIVE AND OTHER DEFENSES

18  33.  Plaintiff's Complaint fails to state a claim upon which relief can be granted.

19  34.  Defendant does not knowingly or intentionally waive any affirmative defenses. If facts should come to light that give rise to additional affirmative defenses, then Defendant will seek leave of this Court to admit its Answer accordingly.

WHEREFORE, Defendant requests that the Plaintiff take nothing by her Complaint, that it be dismissed with prejudice, that Defendant be awarded its reasonable attorney fees pursuant to 29 U.S.C. § 1132(g), that it be awarded its taxable costs, and that it be awarded any other relief that the Court deems just and appropriate.

118141080.1

1  DATED this 26th day of August, 2022.

                                          LEWIS ROCA ROTHGERBER CHRISTIE LLP


                                          By: */s/Nicole G. True*
                                          Nicole G. True
                                          Nevada Bar No. 12879
                                          201 East Washington Street, Suite 1200
                                          Phoenix, AZ  85004
                                          Tel.: 602.262.5311
                                          NTrue@lewisroca.com

                                          *Attorneys for Defendant*

118141080.1

## **CERTIFICATE OF SERVICE**

I CERTIFY that I am an employee of LEWIS ROCA ROTHGERBER CHRISTIE, LLP, and that on the 26th day of August, 2022., and pursuant to FRCP 5(b), a copy of the forgoing Defendant Unum Life Insurance Company of America's Answer to Complaint was served by email on the following:

> Shane W. Clayton
> CLAYTON & COMPANY
> 9900 Covington Cross Drive
> Suite 130
> Las Vegas, Nevada 89144
> sclayton@djplaw.com
> *Attorney for Plaintiff*

I declare under penalty of perjury under the laws of the State of Nevada that the foregoing is true and correct.

 */s/ Anitra Herrera*
An Employee of LEWIS ROCA ROTHGERBER CHRISTIE LLP

- 5 -

118141080.1