Shane W. Clayton, Esq.
Nevada Bar No. 8783
**CLAYTON & COMPANY**
345 West 600 South, Suite 116
Heber City, Utah, 84032

*Personal service only*
9900 Covington Cross Dr. #130
Las Vegas, NV 89144
Telephone: 702. 722.0071
shane@claytonandco.com
*Attorney for Janis B. Reda*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| JANIS B. REDA, an individual, | CASE NO.: 2:22-cv-00974-CDS-~~VCF~~ EJY |
| Plaintiff, | |
| vs. | **MOTION TO EXTEND DISCOVERY DEADLINES (SECOND REQUEST)** |
| UNUM LIFE INSURANCE COMPANY OF AMERICA, a foreign corporation; DOE INDIVIDUALS 1-10; ROE CORPORATIONS 1-10, | |
| Defendants. | |

Plaintiff Janis B. Reda, by and though her attorney, Shane W. Clayton, Esq, of Clayton & Company, pursuant to Rule 29(b) hereby files this Motion to extend the due dates outlined in the January 6, 2023, Stipulated Discovery Plan and Scheduling Order.

I. **INTRODUCTION AND RELEVANT BACKGROUND**

Plaintiff is an elderly and disabled woman who paid for Unum's long term care benefits while she worked at Lionel Sawyer & Collins. After a failed surgery, she submitted a claim to Unum for assistance with activities of daily living. *Complaint* (Doc #1), ¶11-12. Although her condition had not changed and wasn't expected to ever change, Unum withdrew those benefits

leaving Plaintiff to fend for herself.

Consequently, on June 21, 2022, Plaintiff filed the instant action under ERISA §502, asserting that Unum improperly deprived her of those benefits. On August 26, 2022, Unum filed its Answer to Plaintiff's Complaint (Doc. #8). After Plaintiff's counsel was hospitalized in October of 2022, on November 7, 2022, the Court entered an Order extending the due date for a discovery plan. (Doc. #10). On January 6, 2023, the Parties filed their first Proposed Discovery Plan. (Doc. #13). Not long thereafter, the undersigned again presented to the hospital on an emergency basis, but this time, required much more serious and invasive surgery. *Declaration of Shane W. Clayton, Esq.* As a result of this surgery and the lengthy recovery period following the same, Plaintiff submits the instant motion and entreats this Court to extend the discovery deadlines.

**II.     LEGAL ARGUMENT**

Local Rule 26-4 provides that a motion to extend any dates in the discovery plan must be supported by a showing of good cause for the extension. A motion to extend the deadlines must include: (a) a statement of the discovery that has been completed; (b) a specific description of the discovery that remains to be completed; (c) the reasons why the remaining discovery was not completed within the time limits set by the discovery plan; and (d) a proposed schedule for completing the remaining discovery. LR 26-4. LR 26-4 also requires that the motion to extend discovery deadlines must comply with LR 6-1, which provides that a request to extend time "shall inform the court of any previous extensions granted and state the reasons for the extension requested." LR 6-1. Additionally, the motion must indicate whether it is the first, second, third, etc. request for an extension. *Id. Fleshman v. Wal-Mart Stores, Inc.*, 2:12-cv-00088-GMN -VCF, at 14 (D. Nev. July 19, 2012).

**A.     GOOD CAUSE EXISTS FOR EXTENDING THE DEADLINES**

As indicated in the Stipulation and Order to Extend Due Date of Discovery Plan filed and Scheduling order, Document 14 on the Court's Docket, filed January 07, 2022, indicated that Plaintiff's attorney, Shane W. Clayton, Esq., had a medical emergency which resulted in surgery and hospitalization. To Mr. Clayton's chagrin, on the last day of January he suffered a second, more serious medical emergency, related to and caused by the first surgery. *Declaration of Shane W.*

2

*Clayton*. The second emergency resulted in a more serious, invasive surgery, a longer hospital stay and doctor instructions to rest and recuperate which supposedly would reduce the chances of any further complications. *Id*. His recovery lasted over two months following his discharge, and since that time, he has been playing catch up in his legal practice (and life in general).

**B.    NO PREJUDICE TO THE PARTIES WILL RESULT**

An extension of the discovery due dates will not cause Unum any harm. On the other hand, Reda, an elderly and disabled woman that relied upon Unum's benefits to go about her daily life as normally as possible, must still go without during the pendency of this case. By contrast, Unum's improper handling of Reda's care has saved it significant claims administration time and expense.

Finally, the undersigned has spoken to defense counsel regarding this motion. Although counsel will not oppose extending any deadlines not yet passed, they are unable to stipulate to extension of the discovery deadlines.

**III.   CONCLUSION**

For the reasons outlined hereinabove, good cause exists for this Court to extend the discovery deadlines by an additional two months, or, as otherwise discussed at a hearing in this matter, in an mount to be determined.

DATED this 21st day of April, 2023.

**CLAYTON & COMPANY**

_____
Shane W. Clayton, Esq.
Nevada Bar No. 8783
*Attorney for Plaintiff Janis B. Reda*

**~~PROPOSED~~ SCHEDULE AND ORDER**

1. **Briefing re: ERISA Discovery Disputes:** To the extent that, after the meet and confer period, the parties remain in disagreement as to the permissible scope of discovery and type of discovery, on or before **May 25, 2023,** the parties will simultaneously brief the Court and request a ruling on any remaining disputes without further briefing. Each party will set forth its position in no more than 10 pages. If further discovery is permitted, the Court may set a reasonable deadline for completion of discovery at that time.

2. **Rule 52 Briefing on the Merits of the Case:** If simultaneous motions are not filed in conjunction with Paragraph 1, above, Plaintiff's dispositive ERISA motion shall be filed no later than **May 25, 2023.** Defendant's response memorandum will be due **June 26, 2023** and the reply memorandum will be due **July 18, 2023.**

If the parties do file briefs under Paragraph 1, the deadlines set forth in Paragraph 2 will be suspended. The parties will then work together with the Court to prepare a new scheduling scheduling order after the discovery issue is resolved.

**OTHER MATTERS**

1. **Extension or Modification of the Proposed Schedule.**

The parties agree that any motion or stipulation for modification or extension of this discovery plan and scheduling order, or other order shall comply with LR 26-3.

2. **Other Orders of the Court,**

If the Court cannot accommodate this schedule, the parties request a scheduling conference to discuss the appropriate schedule to be set in this matter.

Dated this 21st day of April, 2023.

Submitted by:

_____
Shane W. Clayton, Esq.

Dated: April 27, 2023

**IT IS SO ORDERED:**

_____
UNTIED STATES MAGISTRATE JUDGE

4